## ACTIONS UNDER THE FEDERAL TRANSPORTATION ACT.

Common Pleas Court of Allen County.

The Gramm Bernstein Motor Truck Company v. James C. Davis, as Agent, etc.

Decided, February 20, 1924.

*Statutes of Limitation—Two Year Limitation for Bringing Suits under the Federal Act—Effective over the Four Year Limitation of the State Statute.*

An action against the agent of the President under the federal transportation act is an action against the sovereign power and can not be maintained if the filing thereof has been delayed beyond the two year limitation embodied in the act, notwithstanding the limitation provided in the state statute for the bringing of such actions is four years.

BECKER, J.

This cause is before the court on demurrer to the petition of plaintiff.  The action is one in damages against James C. Davis, as agent of the President of the United States under the transportation act, for a cause alleged to have arisen during federal control of the railroads.

By enactment of Congress and the proclamation of the President, in December, 1917, the Government assumed control of the railroads and, through the director general, operated the same until the enactment of the transportation act of 1920, which act provided for the return of the railroads to their respective owners.  Such transportation act provided, among other things, as follows:

"Actions at law, suits in equity, and proceedings in admirality, based on causes of action arising out of the possession, use, or operation by the President, of the railroad or system of transportation of any carrier (under the provision of the Federal Control act), or of the act of August 29th, 1916), of such character as, prior to federal control, could have been brought against such carrier, may, after the termination of federal control, be brought against an agent designated by the President for such purposes, which agent shall be designated by the President within thirty days after the passage of this act.  Such actions, suits, or proceedings may, within the periods of limitation now prescribed by state or federal statutes, but not later than two years from the date of the passage of this act, be brought in any court which, but for federal control, would have had jurisdiction of the cause of action had it arisen against such carrier."

By the enactment of the Federal Control act and the proclamation of the President, the right to sue the government or the sovereign power was waived, or, in fact, the right to sue the sovereign power was created and the Director General was named as the proper party to the suit.  When the transportation act of 1920 was enacted, the above quoted provision was incorporated therein, limiting the bringing of actions against the Government for a period of two years from the date of the enactment.  There exists no right to sue a sovereign power unless such right be, by the power itself, created or waived,

and it follows that such right may be withdrawn at such time as the sovereign power shall determine.

On the face of the petition it appears that this action was not instituted against the agent of the President, under the transportation act of 1920, until more than two years after its enactment, and so it is contended by the defendant that such action against the agent is barred, by reason of the limitation of two years in such act provided, while the plaintiff contends, that inasmuch as the action was brought within the four years, as provided by the statute of the state, that it may be maintained, for that the limitation of two years can not be retroactive but must be prospective, and that the Government respects and follows the statutes of limitation provided in the respective states. As between individuals, this contention that the Government does respect the statutes of limitation of the respective states is quite true, but the instant case is not that, for the sovereign power in withdrawing its right to be sued and says this is the limit, namely, two years, in which you may sue. The act itself recognizes the statute of limitation of the several states, for it provides that within the period of limitation now prescribed by state or federal statutes, suit may be brought. That is to say, if during the two years, the cause has not been barred by the statute of the state or the federal statutes, suit may be brought, but notwithstanding the state or federal statutes, the right to maintain a suit against the sovereign power is withdrawn at the end of two years from the passage of the act. This provision of the act seems clear and the purpose of it is evident.

The demurrer will be sustained, with exceptions.